UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.    CRIMINAL NO. 2:19cr001KS
     (Civil No. 2:20cv143KS)

AARON L. SWAN

**RESPONSE OF THE UNITED STATES TO
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States respectfully submits this response to the motion of defendant Aaron L. Swan, *pro se*, to vacate, set aside, or correct his sentence, pursuant to Title 28, United States Code, Section 2255. In response, the Government would show the following:

**Background**

On April 2, 2019, defendant Swan pled guilty to Count 3 of the indictment in 2:19cr-001, charging him with possession with intent to distribute 500 grams or more of Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

Swan was represented at the plea hearing by experienced counsel, Herbert H. Klein III. During the hearing, Swan pled guilty pursuant to a written plea agreement in which he explicitly waived his right to appeal and seek post-conviction relief.

In the plea agreements entered into with the advice of counsel, Swan specifically waived his right to seek post-conviction relief in this case. As the agreements explicitly provide:

1

> ***Defendant***, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and ***being advised of Defendant's rights*** to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and *to appeal* the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby ***expressly waives*** the following rights:
>
> a. ***the right to*** appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. ***the right to*** contest the conviction and sentence or the manner in which the sentence was imposed in ***any post-conviction proceeding***, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case....

Plea Agreement ¶ 8 19cr001 (Ct. Rec. Doc.23), emphasis added).

On July 23, 2019, this Court entered its judgment, sentencing Swan to 180 months of imprisonment, to be followed by seven years of supervised release and a $10,000 fine. Swan also was ordered to pay a $100 mandatory special assessment. 19cr001 (Ct. Rec. Doc. 30).

Despite having waived his right to contest his conviction and sentencing in any post-conviction proceeding, Swan now has moved for relief pursuant to Title 28, United States Code, Section 2255. Swan timely filed his § 2255 motion on August 4, 2020, and its supporting memorandum on August 24, 2020.

Swan raises two grounds for relief in his motion and brief, 1) ineffective assistance of counsel for failure of his trial attorney to file a motion to suppress; and 2) ineffective assistance of counsel for failure of his trial attorney to file a notice of appeal. In sum, all grounds asserted by Swan involve the issue of the viability of a

suppression motion.

## DISCUSSION

The affidavit of trial counsel regarding the extensive discussions regarding the suppression defense and that the decision to enter a guilty plea to Count 3, possession with intent to distribute cocaine was the decision of defendant Swan, completely negate the argument that counsel failed to advise or consider a suppression defense.  Counsel further states in his affidavit that he presented all options available to include pursuing suppression.  It is notable in his affidavit that counsel mentions there were two stops, the initial stop and a second stop after Swan fled law enforcement.  Even a novice attorney would know that fleeing law enforcement provides valid probable cause of criminal activity to justify a traffic stop.

The affidavit of Klein further supports Swan's understanding of the decision not to go forward with a motion to suppress when Swan entered a guilty plea after Klein filed a motion to withdraw.  This chain of events clearly demonstrates Swan's decision to forego a motion as a strategy.  Further, as Swan entered a guilty plea and did not go to trial this allegation has been waived and has no merit.

Swan's second allegation of ineffective assistance states counsel failed to file a notice of appeal on his behalf.  Again, counsel's affidavit addresses this issue and the fact that Swan did not ask him to file a notice of appeal.  Notably, Swan in his motion makes no mention of how he instructed Klein to file a notice of appeal, no mention of a phone call, a letter or communication through third parties.  There is no allegation of a "clear requests"

or "specific instructions" by Swan as found in the *Garza* case cited by the defendant. *Garza v. Idaho*, 139 S.Ct. 738, 746 (2019). At most what we have is akin to buyer's remorse some one year after the fact.

## APPLICABLE LEGAL STANDARDS

Swan's motion for post-conviction relief challenges his representation: "An attorney renders constitutionally ineffective assistance if his performance is deficient and that deficient performance prejudices the defendant." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017). "A 2255 movant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Id*. "In the context of a guilty plea, a movant shows prejudice by establishing 'that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### Swan has failed to demonstrate actual prejudice

A defendant stands "fairly and finally convicted" after exhaustion of or waiver of appeal. *United States v. Frady*, 456 U.S. 152, 164 (1982). He may not raise an issue for the first time on collateral review without showing both "cause" for this procedural default, and "actual prejudice" resulting from error, *Id*. at 168, or that he is "actually innocent" of the crime for which he or she is convicted. *Bousley v. United States*, 523 U.S. 614, 623

(1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."); *United States v. Sorrels*, 145 F.3d 744, 749-50 (5th Cir. 1998). "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). "If the defendant does not meet this burden of showing cause and prejudice, he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). The defendant may then only challenge his conviction on issues of constitutional or jurisdictional magnitude. *Hill v. United States*, 368 U.S. 436, 438 (1962).

Ineffective assistance of counsel may, in some cases, constitute "cause" for failing to raise an issue on direct appeal. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). A defendant's burden on an ineffective assistance of counsel claim is high, however.

> To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, except for the attorney's unprofessional errors, the result of the proceedings would have been different.

*United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Faithful adherence to the *Strickland* standard requires the court to engage in a "strong" presumption that counsel's conduct falls within the wide range of reasonable professional competence and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. "[A] court need not address

both prongs ..., but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Swan has failed to demonstrate satisfaction of either prong of the *Strickland* standard and his allegations remain conclusory and insufficient to warrant the relief he demands. As the plea transcript and Swan's testimony demonstrate, he fully understood his rights, the evidence against him and the consequences of his plea.

Further, as laid out by Attorney Klein in his response and affidavit, he proposed to withdraw as attorney for Swan over differences over the defense strategy. This assertion is supported by the record in this case in which a motion to withdraw as counsel was in fact filed on March 20, 2019. Ct. Doc. 19. Swan clearly wanted Klein to remain on his case as six days later, after a pretrial conference, a notice of intent to enter a guilty plea was entered. Ct. Doc. 21.

Additionally, a mere eleven days after Klein filed his motion to withdraw, Swan entered into a guilty plea, in open court, after being sworn to tell the truth. The plea colloquy will reflect that Swan acknowledged satisfaction with his attorney and wished to enter a guilty plea, knowingly and with understanding of the waivers contained in the plea agreement.

It is clear that the legal representation of Swan met an objective standard of reasonableness, and (2) there is no reasonable basis to conclude that defense counsel committed any unprofessional errors in his legal representation that would have led to any different result at trial. As neither prong of the articulated test is met, Swan has failed to

meet his burden to support his allegations, thus his claim of ineffective assistance of counsel fails and his motion should be dismissed with prejudice.

### Swan Has Not Shown He Requested his Counsel Appeal Despite his Having Agreed to Waive Appeal

As part of his plea agreement, Swan agreed to forego appealing his conviction and sentencing. Ct Doc. 23 at 5 & 8.a (appeal waiver).

In his § 2255 motion, Swan contends that his lawyer "failed to file a notice of appeal." Ct. Doc.23 at 5.  In neither his motion nor memorandum does Swan provide any information or detail as to how or when he conveyed to his attorney Klein that he wished to appeal.  He made no phone calls and submits no correspondence.  Instead, we have a signed affidavit from attorney Klein which asserts under oath that Swan did not request he "file an appeal of any kind and did not inquire about filing a notice of appeal or an appeal of any kind." Ct. Doc. 40, p. 9 ¶36.  Attorney Klein is emphatic in his response to this claim.

Given Klein's insistence that he was never asked to appeal and the absence of any basis to challenge a guilty plea that Swan had agreed to and as to which he had waived appeal, Swan's § 2255 claim is unfounded.

### CONCLUSION

For the foregoing reasons, Petitioner's motion for 28 U.S.C. Section 2255 relief should be denied.

                                                          Respectfully submitted,

                                                          DARREN J. LAMARCA
                                                          Acting United States Attorney
                                                          Southern District of Mississippi

                                              By:    *s/ Annette Williams*
                                                      Annette Williams, MSB # 9641
                                                      Assistant United States Attorney
                                                      1575 20th Avenue
                                                      Gulfport, Mississippi 39501
                                                      Phone: (228) 563-1560
Dated: April 16, 2021                    Annette.Williams2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), and caused to be served by U.S. Mail the foregoing to:

    Aaron L. Swan

This the 16th day of April 2021.

    *s/ Annette Williams*
    Annette Williams
    Assistant U.S. Attorney